| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **DESTINI LEE THOMAS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant **DESTINI LEE THOMAS**' Motion for Early Termination of Probation/Supervised Release. (Doc. No. 58). The Government and the United States Probation Office oppose Defendant's motion. (Doc. No. 62 at 1).

In December 2018, this Court sentenced Thomas to a term of 60 months imprisonment followed by four years supervised release. (Doc. No. 49 at 2–3). Thomas completed her term of imprisonment and has been on supervised release for two years and nine months. Early termination of supervised release is appropriate where the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted); see 18 U.S.C. § 3583(e)(1).

Defendant's motion, filed in early November 2023, cites compliance with the

1

conditions of her supervised release, her employment, and her sobriety as justifications for early termination. But "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Folks, 733 F. Supp. 2d at 651. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Otherwise, the exception justifying early termination would swallow the rule. McKay, 352 F. Supp. 2d at 361.

In any case, recent developments call into question the factual bases of Defendant's motion. A few weeks after Defendant moved for early termination, probation officers visited her home unannounced. In Defendant's bedroom—apparently shared with her boyfriend—officers found drugs and related paraphernalia. (Doc. No. 62-1). Defendant subsequently admitted to using marijuana six months ago, i.e., during the term of her supervised release. (Id.).

Defendant's early November motion stated that "I have been sober now for 6 years." (Doc. No. 58). Based on her subsequent admission, that was a lie. The Court finds that in light of Defendant's history of substance abuse, continued supervision will best enable the Probation Office to prepare her for a law-abiding life.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Early Termination of Probation/Supervised Release, (Doc. No. 58), is **DENIED**.

Max O. Cogburn Jr
United States District Judge

2

Case 3:18-cr-00137-MOC-DCK   Document 63   Filed 12/19/23   Page 2 of 2